1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  JOSE APOLINAR OLIVERA (CABN 279741)
   Assistant United States Attorney
5       450 Golden Gate Avenue, Box 36055
        San Francisco, CA 94102-3495
6       Telephone: (415) 436-6888
7       Facsimile: (415) 436-7009
        Email: jose.olivera@usdoj.gov
8  Attorneys for United States of America

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                           OAKLAND DIVISION

12  UNITED STATES OF AMERICA,              )  No. 4:17-CR-00029-YGR
                                           )
13          Plaintiff,                     )  STIPULATION AND [PROPOSED]
                                           )  DISCLOSURE & PROTECTIVE ORDER
14     v.                                  )
                                           )
15  ERIC OASE,                             )
                                           )
16          Defendant.                     )
17                                         )

18

19      The United States of America (the "Government") and defendant Eric Oase submit this

20  stipulation requesting that the Court authorize the Government to disclose certain taxpayer

21  information and issue a protective order. The parties stipulate as follows:

22      1. Defendant Eric Oase was charged by indictment on January 17, 2017, with 6 counts of

23         filing false claims with the United States of America, in violation of 18 U.S.C. § 287.

24      2. The Government has already provided Defendant with search warrant materials seized in

25         connection with this case. The Government possesses additional discovery that it intends

26         to provide to Defendant, including:

27         a. Tax returns and other tax return information belonging to numerous individuals

28            that were obtained from the IRS and others; and

    b. Financial records and other records containing the personal identifying information (e.g., names, social security numbers, & dates of birth) of others.

3. Disclosure of taxpayer returns and tax return information is governed by 26 U.S.C. § 6103(a), which prohibits the disclosure of tax return information, except as authorized by § 6103. Section 6103(h)(4)(D) of Title 26 permits disclosure to the Defendant, by order of the court, of another's tax return and taxpayer information as required under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500. The Government intends to provide defense counsel with taxpayer information because it may use such information in its case-in-chief and, as such, it is required to disclose it by law. Accordingly, a court order authorizing this information is necessary.

4. The parties agree that the discovery described above along with any other discovery provided by the government containing the personal identifying information of others will be provided subject to the following conditions:

    a. Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and Title 28, United States Code, Section 1651, unauthorized disclosure of discovery material and information contained therein to nonlitigants is prohibited under the following provisions (when the term "Defendant" is used, said term encompasses an attorney for the Defendant):

        i. The additional discovery remains the property of the Government and is being produced as required by Rule 16 and the Jencks Act in preparation for or in connection with any stage of the proceedings in this case. All such materials and all copies made thereof shall be returned to the United States Attorney's Office unless otherwise ordered by the Court or agreed upon by the parties, at the occurrence of the last of the following:

            1. The completion of all appeals, habeas corpus proceedings, clemency or pardon proceedings, or other post-conviction proceedings;

            2. the conclusion of the sentencing hearing; or

      3. the earlier resolution of charges against the Defendant.

 b. The additional discovery identified above may be used by the Defendant solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding.

 c. Upon written request to the United States, by the Defendant, at or before the time of such return, all specified materials returned shall be segregated and preserved by the Government in connection with any further proceedings related to this case, which are specified in such request until such proceedings are concluded.

 d. The additional discovery described above, shall not be disclosed either directly or indirectly to any person or entity other than the Defendant, persons employed to assist in the defense or prosecution of this matter, or such other persons as to whom the Court may expressly authorize disclosure upon proper motion.

 e. The additional discovery described above will not be copied or reproduced except as necessary to provide copies of the material for use by an authorized person as described above to prepare and assist in the defense or prosecution of this matter, and all such copies and reproductions shall be treated in the same manner as the original matter.

 f. Before any disclosure to the Defendant of the discovery described above, defendant's counsel shall personally inform the Defendant of the provisions of this order and direct him not to disclose any information contained in the Government's discovery in violation of this order, and shall inform him that any unauthorized disclosure may be punished as contempt of court.

 g. The Defendant shall be responsible for controlling and accounting for all such material, copies, notes, and other records described above, and shall be responsible for assuring full compliance by himself and any person assisting in his defense with this order. Written certification of such compliance shall be made to the Court at the time discovery materials are returned to the United States.

STIPULATION AND [PROPOSED] DISCLOSURE
& PROTECTIVE ORDER; CR 17-CR-00029-YGR  3

h. The provisions above are not meant to limit use of information provided in discovery from being used in pretrial proceedings, investigation, motions and briefs, trial and other proceedings in this litigation, unless the discovery information is protected by another order protecting information received from a financial institution regulatory agency.

WHEREFORE, in the best interests of the administration of justice and because of the importance of protecting tax return information and the personal identification information of others, the parties request that a protective order as described above be entered in this case and that the Court order the Government to disclose tax return information in this case pursuant to 26 U.S.C. § 6103(h)(4)(D).

BRIAN J. STRETCH
United States Attorney

Dated: April 25, 2017.

*s/ Jose A. Olivera*
JOSE A. OLIVERA
Assistant United States Attorney

Dated: April 25, 2017.

*s/ Jerome Matthews*
JEROME MATTHEWS
Federal Public Defender
Attorney for Defendant

**IT IS SO ORDERED.**

Dated: __April 28_____, 2017

_____
HON. YVONNE GONZALEZ ROGERS
United States District Court Judge